PER CURIAM.
Following an investigation predicated upon a complaint by one that he had been the victim of an assault by the plaintiff with a dangerous weapon, a petition for delinquency was filed in the juvenile and domestic relations court of Dade County against the appellant juvenile, by a youth counselor as provided for in § 39.05 Fla. Stat., F.S.A.
A motion filed on behalf of the juvenile to dismiss the petition was denied, as was a later motion for reconsideration thereof. After a hearing before the court an order was entered finding that the act charged was committed by the juvenile, and deferring action thereon pending social investigation by the Florida Division of Youth Services, with the juvenile released to custody of his mother pending further hearing. Thereafter an order of delinquency was entered, wherein the juvenile was committed to the legal custody of the Dade County Department of Youth Services “for care and control at the Dade County Detention Home and for further planning and placement for a period not to exceed six months.”
The commitment provided for in that order was suspended by a subsequent order which placed the juvenile under the supervision of a Youth Counselor of the Florida Division of Youth Services, for a period of six months, with requirement for compliance of certain listed conditions during that period.[1]
On this appeal therefrom by the juvenile, reversal is sought upon the contention that the inculpatory statement made by him at a preliminary conference with a counselor in the presence of his parent and his attorney, was in violation of his right against self-incrimination, and was made upon a promise by the counselor that his statement would be received in confidence and not used against him. On that premise the appellant argues the court should have granted his motion to dismiss the petition on the ground that the petition necessarily was based on his inculpatory statement, in violation of the promise of the counselor to the contrary.
The appellee takes the position that the foregoing contention of the appellant is without merit, and we agree. The petition filed against the juvenile was not dependent on his statement to the counselor. The filing thereof was justified by and upon the complaint made against the juvenile. § 39.04(2), Fla.Stat., F.S.A. Moreover, the record discloses that the statement made by the juvenile to the counselor was not used against him at the hearings before the court, and that the court expressly ruled *187 that the same was not before the court or considered in the court’s determination of the matter.
No reversible error having been made to appear, the judgment is affirmed.

. The findings of the court which formed the basis therefor were as follows:
“Said child thereafter was evaluated by the American Educational and Reading Clinic for admission as a student therein as an alternative to commitment to the Dade County Detention Home and said child has been accepted by said Clinic.
“Said child has previously been a disruptive influence in a public school. Said disruptive influence can be attributed in part to frustrations in a reading disability. Said child is presently in the tenth grade and has been evaluated as having a sixth grade reading level.
“It is the opinion of Youth Counselor, David Kout, and this Court that said child behavior may very likely be changed by allowing said child to participate in a special reading and educational program as is provided by the American Educational and Reading Clinic.”